# JANUARY TERM, 1867, AT LANSING.

The People ex rel. E. W. Hudson and others v.
Peter E. DeMill and others. *

*Quo Warranto: Rule to plead.* The statute which authorizes the Attorney General to enter a rule requiring the defendants to plead to the information within twenty days after service of a copy—*Comp. L.* § 5306—is enacted altogether, for his benefit, and to enable him to expedite the proceedings.

*Heard and decided January 10th.*

*Quo Warranto.*

Motion to confirm default.

The summons in this case was made returnable on the 23d day of October, 1866, and was served personally on all the defendants and was duly returned before the return day. The clerk did not enter the appearance of the defendants as prescribed by the statute, nor did the Attorney General enter a rule to plead.

On the 12th of November, 1866, the defendants entered the default of the Attorney General for want of such rule, and thereafter, on the same day, the defendants entered their appearance subject to the default; reserving the right to have the same made absolute.

The Attorney General then entered a rule to plead and served notice thereof together with a copy of the information, and the defendants filed and served their demurrer thereto, *de bene esse*, without waiving the right to have the default made absolute, and the information dismissed;

to which the Attorney General filed the general joinder in demurrer.

The defendants moved that the default be made absolute and the information be dismissed with costs.

*A. D. Fraser* and *Levi Bishop*, for the motion.

1. The present rules, 46 and 47, of this court were adopted in the year 1845.

They prescribe a course of proceeding to be followed in *quo warranto* after defendant has been served with process.

These rules would of course have full force and effect if there were no statute regulating the same practice.

2. The revised statutes of 1846 changed the practice in these cases requiring the clerk to enter the appearance of the defendants and requiring the Attorney General to enter a rule to plead.— 2 *Comp. L.* §§ 5292, 5306.

Upon familiar principles of law this legislation covering the same subject embraced by the rules, in effect repeals them.

Where the rules of court and a statute conflict with each other the statute must prevail.

The old rules, 46 and 47, of this court, adopted in 1845, were therefore repealed by the statute.

But, as we understand the matter, when a code of rules was adopted after the revised statutes of 1846 took effect, these rules, 46 and 47, were adopted by an oversight, without a careful comparison of them with the statute. Still, rules of court in conflict with statutory provisions can have no effect, though the rules may be adopted subsequently to the statute.

So far as they are inconsistent with each other and also so far as they cover the same subject, the rules are a nullity, 2 *Bouvier's Law Dic. Title, Rules ;* 3 *Pick.* 512; 1 *Peters,* 604; 3 *Binney,* 417; 3 *Serg. & R.* 250.

THE PEOPLE *v.* DEMILL.

Courts can not make rules contradictory of the laws of the land.—8 *Sergt. & R.* 335; 11 *Id.* 131.

3. The word "*may*" in the statute has the effect of the word "*shall.*"—2 *Comp. L.* § 5306.

Such will be the construction when such is the intent of the legislature where the public, or private persons are interested in the question, or where public justice or public officers are concerned.—*Note* 1 *to* 1 *Saund. R.* 58; 5 *Cow.* 188–193; 14 *Sergt. & R.* 429; 1 *Peters,* 46; 1 *Cr. & Mees.* 355; 3 *Tyrw.* 272; *Smith's Com.* 724–729.

The legislature evidently intended to prescribe a course of practice that should produce speedy issue in these cases. Not only was authority given to the Attorney General, but a duty was imposed on him to practice promptly according to the statute.

At common law neither party was compelled to take any step in pleading till ruled so to do by a special order. 1 *Tidd's Prac.* 365. It was to remedy this dilatory practice that the statute was passed.

4. All our proceedings since the default have been taken *de bene esse,* saving all rights growing out of the default and the right to move that the same be made absolute.

This course is familiar in practice.—1 *Tidd's Prac.* 361; *Graham's Prac.* 190–1.

It was the only course for us to take and save our rights, without being ourselves in default if we should mistake the practice.

*H. K. Clarke, contra.*

There is no such conflict between the statute and the rules, as the defendants contend. The statute authorizes the Attorney General to enter a rule to plead on the return of the summons. It does not require it. Rule 46 requires the defendant to enter his appearance. Until he has appeared, he can claim nothing. If a rule to plead is a necessary

step in the practice in such cases, it can only be after appearance and when a copy of the information is served. This view of the practice harmonizes the statute and the rules, and is supported by the authorities and the practice in personal actions, which are referred to in several places in the statute.

*Per Curiam.*

The statute which authorizes the Attorney General to enter a rule requiring the defendants to plead to the information within twenty days after service of a copy, *Comp. L.* § 5306, is enacted altogether for his benefit, and to enable him to expedite the proceedings. The defendant is under no necessity of waiting for notice of any such rule, but may plead at once on being served with summons. If the Attorney General anticipates that he may not do so, he can enter this rule; in which case, if the rule is duly served, the defendant must plead within the twenty days or suffer default.

Motion denied.